*State Emblem of Ukraine*

**Public Prosecution of Ukraine**

# GENERAL PROSECUTOR'S OFFICE OF UKRAINE

01601, Kyiv-11, Riznytska Str. 13/15                               fax: 290-28-51

---

14. 02.2005  No 14/2-27433-04

> **REX YOUNG**
> **Senior Counsel**
> **Office of International Affairs**
> **Department of Justice**
> **Suite 800**
> **1301 New York Ave., N. W.**
> **Washington, D.C. 20005**

**Dear Mr. Young,**

The General Prosecutor's Office of Ukraine pays its high respect to the Department of Justice of the United States of America and in conformity with the provisions of the Agreement between Ukraine and the United States of America *"On mutual legal assistance in criminal matters"*, of 22.07.1998, approaches with the application for legal assistance.

The Investigation Division of the Tax Militia for the State Tax Administration in Kyiv City is investigating a criminal matter **No 49-1246**, initiated by the General Prosecutor's Office of Ukraine on the facts of intentional tax evasion on especially large scale by officials of a Closed joint-stock firm "Holding company "Blits-Inform", i.e. by the elements of crime, envisaged by section 3 of Article 212 of the CC of Ukraine (circumstances of this crime are stated in details in the application).

The need of carrying out of a number of proceedings in the territory of the United States of America has arisen to date, in connection with this the Investigation Division of the Tax Militia for the State Tax Administration in Kyiv City has prepared a relevant letter of request.

The General Prosecutor's Office of Ukraine, seconding this application, is directing it to the Department of Justice of the United States of America with a kind request to organize the execution of the letter of request in possible shortest time.

I ask you to send materials of the executed letter of request at the address of the General Prosecutor's Office of Ukraine with obligatory reference to No 14/2-27433-04.

- 2 -

If you are not in a position to execute this commission, I would like you to inform the General Prosecutor's Office of Ukraine of the circumstances preventing this.

The General Prosecutor's Office assures that materials, received from the Department of Justice of the U.S.A., will be used only in the course of pre-trial investigation and consideration of the criminal matter at court.

Taking this opportunity, we renew our high respect to the Department of Justice of the U.S.A.

Enclosure:    on 54 pages.

**Head of
International-Law Department**                                **S.F. Kravchuk**

By: Tserelenko O.I.
tel.: 573-81-39

Translator of the General Prosecutor's Office of Ukraine          R. Mykytenko

**REQUEST**
**For Legal Assistance**

Kyiv

December 03, 2004

To:   Department for International Relations
      Criminal Division
      U.S. Department of Justice

Re:   Request for legal assistance in investigating
      the criminal case # 49-1269 initiated against
      the Head of the Supervisory Board of
      Directors of the Close Joint-Stock Company
      "Holding Company "Blitz-Inform",
      S.I.Melnichuk, with regard to deliberate
      grand tax evasion and official forgery in
      accordance with Clause 212, Part 3 and
      Clause 366, Part 2 of the Criminal Code of
      Ukraine.

    The Investigation department of Tax Militia of the State Tax Administration in the city of Kyiv expresses its high respect for the competent agencies of the United States of America and, guided by the Agreement "On Mutual Legal Assistance in Criminal Cases" between the United States of America and Ukraine, signed on July 22, 1998 in Kyiv, appeals for legal assistance with regard to the criminal case # 49-1246.

    The criminal case # 49-1246 was initiated by the Office of the Prosecutor-General of Ukraine in connection with deliberate tax evasion by officials of the Close Joint-Stock Company "Holding Company "Blitz-Inform" (hereinafter referred to as the CJSC "Blitz-Inform"), based on signs of the crime stipulated by Part 3 of Clause 212 of the Criminal Code of Ukraine.

    On 08/09/2004, the Investigation department of Tax Militia of the State Tax Administration in the city of Kyiv initiated proceedings against the Head of the Supervisory Board – the Head of the Board of Directors of the CJSC "Blitz-Inform", S.I. Melnichuk, based on signs of the crime stipulated by Part 3 of Clause 212 and Part 2 of Clause 366 of the Criminal Code of Ukraine.

    **The following has been established in the course of investigation of the criminal case:**
    Serhiy Ivanovych MELNICHUK, an official of a business entity, namely, the Head of the Supervisory Board – the Head of the Board of Directors of the CJSC "Blitz-Inform" (General Entrepreneurial Registration Classifier code 20050164), re-registered by the Vatutinska District State Administration of the city of Kyiv under # 03070 at the address: 25, Kyoto Str., Kyiv, during the period of activity of the company in September 2003, with the purpose of minimizing VAT liabilities and with the purpose of deliberate VAT evasion, having entered into preliminary collusion with persons unidentified by the investigation, by acquiring unmarketable goods from companies having signs of being fictitious at artificially overstated prices on the territory of Ukraine and selling the unmarketable goods outside Ukraine at a zero VAT rate to non-resident companies (БШ 72000143 БК 10, БШ 72000216 optically untreated optical glass ), groundlessly overstated the tax credit for the above-said period of activity of the company, which prevented financial resources in the amount of HR 5,500,574.35 from being paid to the budget.

    Apart from that, the investigation identified a number of companies from which the above-said goods (БШ 72000143 БК 10 optically untreated optical glass billets) were bought, as follows:

"INTOURIST-BP" Ltd
31451398
26-В, В.Khmelnitsky Str.,
01030, Kyiv
This is a true translation
from
into

On 09/25/2003, in accordance with Contract # 09/30/1/315 dated 09/25/2003, the CJSC "Blitz-Inform" bought БШ 72000143 БК 10 optically untreated optical glass billets from the Limited Liability Company "Agrorayon".

As per Specification # 1 attached to Contract # 09/30/1 dated 09/25/2003, the price of the above-said goods is Hr 25.01 per cu-cm, the total price amounting to Hr 33,003,445.10 (including Hr 5,500,574.35 of VAT).

Following that, in accordance with Commission Contract # 30.09.KOM/314 of 09/30/2003, signed between the CJSC "Blitz-Inform" (Customer) and the Limited Liability Company "Invexim" (Commission Agent), the above-said goods were sold outside Ukraine.

In accordance with the report attached to the Commission Contract dated 09/30/2003, the Limited Liability Company "Invexim" signed Contract # WN – 23/06 dated 06/23/2003 with the company "CASCAD BUSINESS COMPANY LLC" 8130 S.W. Beaverton-Hillsdale HWY, Portland OR97225, USA. According to the submitted report, the quantity of the goods sold totaled 1,099,675.00 cu-cm, at a price of 144.02 Russian rubles. The cost of the goods sold totaled Hr 28,068,835.54. The Limited Liability Company "Invexim" (Commission Agent) was paid 158,375,193.50 Russian rubles, which corresponds to Hr 28,317,458.30, for the goods belonging to the CJSC "Blitz-Inform" (Customer).

According to the conclusion made by the commodity expert examination # б/н dated 08/06/2004, the discount cost of the БШ 7200143 БК 10 optically untreated optical glass billets makes up Hr 13.50 per kg, and the discount cost of БШ 7200216 БК 10 optically untreated optical glass billets makes up Hr 13.50.

According to the materials attached to the reply from Latvia received in response to an international request, it was established that, indeed, during the period from June to October of 2003 the above-said goods were shipped by the Limited Liability Company "Agroton" to the address of the company "CASCAD BUSINESS COMPANY LLC" 8130 S.W. Beaverton-Hillsdale HWY, Portland OR97225, USA, and delivered at the Customs warehouse "Magnat". Following that, as per request from "CASCAD BUSINESS COMPANY LLC", the above-said goods were shipped from the company "Fairlane Marketing LLC" to the address of the Limited Liability Company "Tritex" and returned to Ukraine at a price which was hundreds of times lower as compared to that at which they were previously exported. Following that, the above-said goods were delivered at the Customs warehouse "Magnat" (94, Dzirciema Str., Latvia) in October 2003 from the Limited Liability Company "Invexim" to the address of the "CASCAD BUSINESS COMPANY LLC" 8130 S.W. Beaverton-Hillsdale HWY, Portland OR97225, USA, for the attention of Director Brenda L. Carter, the exporter being the CJSC "Blitz-Inform". After that the above-said goods were put at the disposal of the company "Fairlane Marketing LLC", 1912 Capitol Ave., Cheyenne, WY, 82001, USA, and the above-said goods were shipped to the address of the Hungarian company "Ferndile Industries LTD".

Thus, the actions of the Head of the Supervisory Board – the Head of the Board of Directors of the CJSC "Blitz-Inform", S.I. Melnichuk, are regarded as containing signs of the crimes stipulated by Clause 212, Part 3 and Clause 366, Part 2 of the Criminal Code of Ukraine.

### Extract from the Criminal Code of Ukraine:

**Clause 212 of the Criminal Code of Ukraine "Evasion of Taxes, Duties and Other Compulsory Payments"** stipulates criminal responsibility for:

Part 1. Deliberate evasion of taxes, duties and other compulsory payments that are included in the taxation system, enacted in accordance with the established legal procedure, committed either by an official of an enterprise, institution, organization, regardless of the form of ownership, or by a person engaged in business activity without setting up a legal entity, or by any other person obliged to make such payments, if such actions result in actually preventing financial resources in considerable amounts from being received by the budgets or state special-purpose funds.

shall be punished by either imposing a fine in the amount from three hundred to five hundred non-taxable minimal incomes of citizens or depriving of the right to hold certain jobs or engage in certain activities for a term of up to three years.

Part 2. Same actions, either committed by a group of persons by way of preliminary collusion, or resulting in actually preventing financial resources in large amounts from being received by the budgets or state special-purpose funds, -

shall be punished by either imposing a fine in the amount from five hundred to two thousand non-taxable minimal incomes of citizens, or corrective labor for a term of up to two years, or imprisonment for a term of up to five years, with depriving of the right to hold certain jobs or engage in certain activities for a term of up to three years.

Part 3. The actions stipulated by Part 1 or Part 2 of this Clause, committed by a person previously convicted for evasion of taxes, duties and other compulsory payments, or resulting in actually preventing financial resources in especially large amounts from being received by the budgets or state special-purpose funds, -

shall be punished by imprisonment for a term of five to ten years with depriving of the right to hold certain jobs or engage in certain activities for a term of up to three years with confiscation of property.

*Note.* The expression "financial resources in considerable amounts" means amounts of taxes, duties and other compulsory payments exceeding the non-taxable minimal income of citizens established by law one thousand or more times; "financial resources in large amounts" means amounts of taxes, duties and other compulsory payments exceeding the non-taxable minimal income of citizens established by law three thousand or more times; "financial resources in especially large amounts" means amounts of taxes, duties and other compulsory payments exceeding the non-taxable minimal income of citizens established by law five thousand or more times.

**Clause 366 of the Criminal Code of Ukraine.**
**Official forgery.**

Part 1. Official forgery, i.e. insertion of deliberately falsified information into official documents by an official, any other forgery of documents, as well as execution and issuance of deliberately falsified documents -

shall be punished by either imposing a fine of up to fifty non-taxable minimal incomes of citizens or imprisonment for up to three years with depriving of the right to hold certain jobs or engage in certain activities for a term of up to three years.

Part 2. Same offence if it has caused grave consequences,-

shall be punished by imprisonment for a term of two to five years with depriving of the right to hold certain jobs or engage in certain activities for a term of up to three years.

At the moment, in order to proceed with the investigation of this criminal case, it has become necessary to locate the buyer based outside Ukraine: **the company "CASCAD BUSINESS COMPANY LLC" 8130 S.W. Beaverton-Hillsdale HWY, Portland OR97225, USA, in the person of Director, Brenda L. Carter.**

On the basis of the above and guided by the Agreement "On Mutual Legal Assistance in Criminal Cases" between the United States of America and Ukraine, signed on July 22, 1998 in Kyiv, the State Tax Administration of Ukraine requests the competent agencies of the united states of America to render legal assistance with regard to the criminal case # 49-1246.

**The Investigation department of Tax Militia of the State Tax Administration in the city of Kyiv requires the following:**

- relevant documentation of the company **"CASCAD BUSINESS COMPANY LLC" 8130 S.W. Beaverton-Hillsdale HWY, Portland OR97225, USA, and evidence given by the managers**

[stamp: ТОВ "ІНТУРИСТ-БП" / "INTOURIST-BP" Ltd ... Правильність перекладу / This is a true translation з ___ мови from ___ на ___ мову into ___ 3 засвідчується Перекладач / Translator]

and employees of the above-said company in order to ascertain all circumstances of the purchase of БШ 72000143 БК 10 optically untreated optical glass billets, whether or not between the company "CASCAD BUSINESS COMPANY LLC" 8130 S.W. Beaverton-Hillsdale HWY, Portland OR97225, USA and the Limited Liability Company "Invexim" (code 31936693), 49, Frunze Str., urban-type settlement Ivankiv, as well as the company "Fairlane Marketing LLC", 1912 Capitol Ave., Cheyenne, WY, 82001, USA there were any contractual relations, whether or not the parties signed protocols concerning verification of payments for the goods that had been delivered, what kind of price policy was used for the purchase of БШ 72000143 БК 10 optically untreated optical glass billets from Ukrainian companies, what documents helped ascertain that; where the БШ 72000143 БК 10 optically untreated optical glass billets, the consignee of which reportedly is the Customs warehouse "Magnat" (94, Dzirciema Str., Riga, Latvia), are stored at the moment.

### Non-resident Details

The details provided in column 8 "Consignee/Importer" of the consignor declarations filled out for the Customs clearance of the БШ 72000143 БК 10 optically untreated optical glass billets, were as follows: "CASCAD BUSINESS COMPANY LLC" 8130 S.W. Beaverton-Hillsdale HWY, Portland OR97225, USA, Customs warehouse "Magnat" (94, Dzirciema Str., LRiga, Latvia).

According to column 2, the consignor was the CJSC "Holding Company "Blitz-Inform", 25, Kyoto Str., Vatutinskiy District, Kyiv, Ukraine, # 319366910116; the Limited Liability Company "Invexim", 49, Frunze Str., urban-type settlement Ivankiv, 07200 Kyiv Region, Ukraine.

### Assistance required

1. Ascertain whether or not the company "CASCAD BUSINESS COMPANY LLC" is registered on the territory of the USA and whether or not it is located at the following address: 8130 S.W. Beaverton-Hillsdale HWY, Portland OR97225, USA.
Ascertain the status of the company "CASCAD BUSINESS COMPANY LLC" in accordance with the U.S. legislation.
Identify the founders and officials of the company "CASCAD BUSINESS COMPANY LLC" (name, family name, patronymic, date of birth, place of residence).
2. Ascertain whether or not the company "Fairlane Marketing LLC" is registered on the territory of the USA and whether or not it is located at the following address: 1912 Capitol Ave., Cheyenne, WY, 82001, USA.
Ascertain the status of the company "Fairlane Marketing LLC" in accordance with the U.S. legislation.
Identify the founders and officials of the company "Fairlane Marketing LLC" (name, family name, patronymic, date of birth, place of residence).

**3. To seize notarized copies of accounting and other financial documents on the premises of the company "CASCAD BUSINESS COMPANY LLC".**

Subject to seizure are notarized copies of accounting and other financial documents of the company "CASCAD BUSINESS COMPANY LLC" testifying to:

- the existence of financial and economic relations between the U.S. company "CASCAD BUSINESS COMPANY LLC", the Limited Liability Company "Invexim" and "Fairlane Marketing LLC" (contract, additional agreements, supplements, specifications etc.), including any circumstances and conditions that accompanied the signing of Contract # WN – 23/06 dated 06/23/2003;
- the delivery of the goods (БШ 72000143 БК 10 optically untreated optical glass billets)

4

- ( Bills of Lading, delivery notes, documents confirming the Customs clearance of the goods and the fact of crossing the border, CMRs etc.);
- payments for the goods (invoices, payment documents in confirmation of the settlement etc.);
- the existence of correspondence with regard to the signing of Contract # WN – 23/06 dated 06/23/2003 with the U.S. company "CASCAD BUSINESS COMPANY LLC", the Limited Liability Company "Invexim" (Ukraine) and "Fairlane Marketing LLC" (letters, requests, proposals, messages, including those sent by fax);
- the existence of contractual relations between the U.S. company "CASCAD BUSINESS COMPANY LLC" and the CJSC "HC "Blitz-Inform" (contracts, additional agreements, Bills of Lading, delivery notes, documents confirming the Customs clearance of the goods and the fact of crossing the border, CMRs, invoices, payment documents in confirmation of the settlement etc.);
- the existence of correspondence between the U.S. company "CASCAD BUSINESS COMPANY LLC", the CJSC "HC "Blitz-Inform", the Limited Liability Company "Invexim" and "Fairlane Marketing LLC" (letters, requests, proposals, messages, including those sent by fax);

In case of non-existence of any contractual relations between the U.S. company "CASCAD BUSINESS COMPANY LLC", the Limited Liability Company "Invexim", the CJSC "HC "Blitz-Inform" and the company "Fairlane Marketing LLC" – obtain from the administration of the company "CASCAD BUSINESS COMPANY LLC" a certificate to that effect and reflect the circumstances in the record of evidence given by the company's officials.

**4. To seize notarized copies of accounting and other financial documents on the premises of the company "Fairlane Marketing LLC".**

Subject to seizure are notarized copies of accounting and other financial documents of the company "Fairlane Marketing LLC" testifying to:

- the existence of financial and economic relations between the U.S. company "CASCAD BUSINESS COMPANY LLC", the Limited Liability Company "Invexim" and "Fairlane Marketing LLC" (contract, additional agreements, supplements, specifications etc.), including any circumstances and conditions that accompanied the signing of Contract # WN – 23/06 dated 06/23/2003;
- the delivery of the goods (БШ 72000143 БК 10 optically untreated optical glass billets) ( Bills of Lading, delivery notes, documents confirming the Customs clearance of the goods and the fact of crossing the border, CMRs etc.);
- payments for the goods (invoices, payment documents in confirmation of the settlement etc.);
- the existence of correspondence with regard to the signing of Contract # WN – 23/06 dated 06/23/2003 with the U.S. company "CASCAD BUSINESS COMPANY LLC" and the Limited Liability Company "Invexim" (Ukraine), as well as correspondence with the company "Fairlane Marketing LLC" (letters, requests, proposals, messages, including those sent by fax);
- the existence of contractual relations between the U.S. company "Fairlane Marketing LLC" and "CASCAD BUSINESS COMPANY LLC" and the CJSC "HC "Blitz-Inform" (contracts, additional agreements, supplements, Bills of Lading, delivery notes, documents confirming the Customs clearance of the goods and the fact of crossing the border, CMRs, invoices, payment documents in confirmation of the settlement etc.);
- the existence of correspondence between the U.S. company "Fairlane Marketing LLC", "CASCAD BUSINESS COMPANY LLC", the CJSC "HC "Blitz-Inform" and the Limited

5

Liability Company "Invexim" (letters, requests, proposals, messages, including those sent by fax);

In case of non-existence of any contractual relations between the U.S. company "Fairlane Marketing LLC" and "CASCAD BUSINESS COMPANY LLC", the Limited Liability Company "Invexim" and the CJSC "HC "Blitz-Inform"– obtain from the administration of the company "Fairlane Marketing LLC" a certificate to that effect and reflect the circumstances in the record of evidence given by the company's officials.

**5. Interrogate officials of the company "CASCAD BUSINESS COMPANY LLC" on the following questions:**

- General questions regarding the current line of occupation (place of work and position held) and current place of residence;
- Do they know of the Limited Liability Company "Invexim" (49, Frunze Str., urban-type settlement Ivankiv, 07200 Kyiv Region, Ukraine)? Did the company "CASCAD BUSINESS COMPANY LLC" have any financial and economic relations with the above-said company in 2003?
- What can they clarify with regard to the signing and execution of Contract # WN – 23/06 dated 06/23/2003 between the Limited Liability Company "Invexim" and the company "CASCAD BUSINESS COMPANY LLC" for delivery of the БШ 72000143 БК 10 optically untreated optical glass billets?
- Specify the type and terms of the contract, who of the parties' representatives signed the contract, circumstances and place of the signing, payment terms?
- Did the company "CASCAD BUSINESS COMPANY LLC" receive the БШ 72000143 БК 10 optically untreated optical glass billets? If so, in what quantity, for what amount and when, and what documents can prove that?
- With whom of the representatives of the Limited Liability Company "Invexim" did the company "CASCAD BUSINESS COMPANY LLC" cooperate and conduct negotiations within the framework of Contract # WN – 23/06 dated 06/23/2003 for delivery of the БШ 72000143 БК 10 optically untreated optical glass billets?
- Are they acquainted with Tetyana Mykhailivna SATONKINA who signed the Contract # WN – 23/06 dated 06/23/2003 for delivery of the БШ 72000143 БК 10 optically untreated optical glass billets for the Limited Liability Company "Invexim" in the capacity of its director?
- Did the Limited Liability Company "Invexim" actually deliver the БШ 72000143 БК 10 optically untreated optical glass billets to the company "CASCAD BUSINESS COMPANY LLC" and, if so, in what quantity, at what price and for what amount?
- Did the company "CASCAD BUSINESS COMPANY LLC" settle up for the delivered БШ 72000143 БК 10 optically untreated optical glass billets and, if so, when, in what amount (fully or not), and what documents can prove that? What settlement account did the company remit financial resources to (its details)? Who provided the details of the account? If the payment was not made, why?
- Do they know Brenda L. Carter who signed Contract # WN – 23/06 dated 06/23/2003 for the company "CASCAD BUSINESS COMPANY LLC"? Is she the director or any other official of the company "CASCAD BUSINESS COMPANY LLC"? Does she have any connection with the above-said company (or does she hold any position in the company at all)?
- For their information, provide them with a copy of Contract # WN – 23/06 dated 06/23/2003. What clarification can they give with regard to that document?
- Do they know of the CJSC "HC "Blitz-Inform" and the Head of the Supervisory Board of the CJSC "HC "Blitz-Inform", S.S. Melnichuk?

- Did the company "CASCAD BUSINESS COMPANY LLC" have financial and economic relations with the CJSC "HC "Blitz-Inform" in 2003 with the purpose of purchasing and selling the БШ 72000143 БК 10 optically untreated optical glass billets? If so, provide a detailed account of the transactions and payment made.

6. **Interrogate officials of the company "Fairlane Marketing LLC" on the following questions:**

- General questions regarding the current line of occupation (place of work and position held) and current place of residence;
- Is citizen O. Kandyba an official of the company "Fairlane Marketing LLC"?
- Do they know of the Limited Liability Company "Invexim" (49, Frunze Str., urban-type settlement Ivankiv, 07200 Kyiv Region, Ukraine)? Did the company "Fairlane Marketing LLC" have financial and economic relations with the company "CASCAD BUSINESS COMPANY LLC" in 2003?
- What can officials of the company "Fairlane Marketing LLC" clarify with regard to the signing and execution of Contract # WN – 23/06 dated 06/23/2003 between the Limited Liability Company "Invexim" and the company "CASCAD BUSINESS COMPANY LLC" for delivery of the БШ 72000143 БК 10 optically untreated optical glass billets?
- Specify the type and terms of the contract, who of the parties' representatives signed the contract, circumstances and place of the signing, payment terms?
- Did the company "Fairlane Marketing LLC" receive the БШ 72000143 БК 10 optically untreated optical glass billets from the company "CASCAD BUSINESS COMPANY LLC"? If so, in what quantity, for what amount and when, and what documents can prove that?
- With whom of the representatives of the company "CASCAD BUSINESS COMPANY LLC" did employees of the company "Fairlane Marketing LLC" cooperate and conduct negotiations within the framework of Contract # WN – 23/06 dated 06/23/2003 for delivery of the БШ 72000143 БК 10 optically untreated optical glass billets?
- Did the company "Fairlane Marketing LLC" settle up with the company "CASCAD BUSINESS COMPANY LLC" for the delivered БШ 72000143 БК 10 optically untreated optical glass billets and, if so, when, in what amount (fully or not), and what documents can prove that? What settlement account did the company remit financial resources to (its details)? Who provided the details of the account? If the payment was not made, why?
- Do the officials of the company "Fairlane Marketing LLC" know Brenda L. Carter who signed Contract # WN – 23/06 dated 06/23/2003 for the company "CASCAD BUSINESS COMPANY LLC"? Does she have any connection with the above-said company (or does she hold any position in the company at all)?
- For their information, provide them with copies of Invoices # 19 dated 01/26/2004, # 64 dated 04/08/2004, # 14/M dated 07/27/2004, a copy of Letter # 439 dated 06/20/2003, a copy of Invoice # 235 dated 06/20/2003, a copy of Invoice # 716 dated 06/27/2003, a copy of Letter # 657 dated 08/13/2003, a copy of Invoice #421 dated 08/13/2003. What clarification can they give with regard to those documents?
- Do they know of the CJSC "HC "Blitz-Inform" (Kyiv, Ukraine), the Limited Liability Company "Invexim" and their officials, in particular, the Head of the Supervisory Board of the CJSC "HC "Blitz-Inform", S.S. Melnichuk?
- Did the company "Fairlane Marketing LLC" have financial and economic relations with the above-listed companies in 2003-2004 with the purpose of purchasing and sale of the БШ 72000143 БК 10 optically untreated optical glass billets? If so, provide a detailed account of the transactions and payment made.

ТОВ "ІНТУРИСТ-БІ" | "INTOURIST-BI" Ltd
Ідентифікаційний код | Identification code
31451398 | 31451398
01030, м. Київ, | 26-B, B. Khmelnitsky Str.,
вул. Б. Хмельницького, 26-B | 01030, Kyiv
Правильність перекладу | This is a true translation
з _____ мови | from _____
на _____ мову | into _____
засвідчується
Перекладач _____
Translator

7

## Procedure for the Execution of the Request

With regard to the required interrogations of witnesses and preparation of their results we request that the competent agencies of the United States of America do the following:

1. Start interrogating a witness by ascertaining his/her full name, address, date and place of birth.
2. Notify the witness that he/she is not obliged to answer questions regarding himself/herself, members of his/her family or near of kin. The witness should also be warned that he/she may be prosecuted for giving false answers to questions or refusal to furnish evidence.
3. Ask questions for which it is necessary to receive answers.
4. Provide all of the above-mentioned information in the form of a record of the interrogation.
5. The record of the interrogation should contain the following: personal data as provided by the witness; indication of the fact that the witness has been notified by a competent agency of the United States of America that he/she may not give answers to questions regarding himself/herself, members of his/her family or near of kin, but his/her answers to all the rest of the questions should be truthful, or otherwise he/she may be prosecuted; the questions that were asked and answers to those questions.
6. Following that, read out to the witness the questions and answers that have been noted down or provide the witness with the possibility to get acquainted with all of the questions and answers to those questions that have been entered in the record.
7. Indicate in the record of the interrogation if the questions and answers were read out to the witness by a representative of the competent agency of the United States of America or the witness got acquainted with them by himself.
8. Every page of the record of the interrogation should be signed by the person who has furnished evidence as a witness. Following that, the record is to be signed by the representative of the competent agency of the United States of America who conducted the interrogation.

With regard to the seizure of duly notarized copies of accounting and other financial documents and preparation of the results of the seizure, would the competent agencies of the United States of America please do the following:

1. The seizure should be carried out in the presence of two witnesses of seizure and the person occupying the premises. The witnesses of seizure and the company's representatives concerned should be made aware of their right to be present during the carrying out of all actions required for the seizure and make statements regarding such actions. Such statements should be entered in the record.
2. Prior to the seizure, a seizure order should be presented to the representative of the company where the seizure is to take place. The company's representative who has been shown the seizure order should sign the said order. Also, prior to the seizure, the representative of the company where the seizure is to take place should be asked to hand over the documents stated in the order.
3. A record of seizure should be completed with indication of the following: place of seizure; persons attending the seizure; grounds for the seizure; any documents confiscated in the course of the seizure; any statements and comments made by the persons attending the seizure. The record of seizure should be signed by the witnesses of seizure, the representative of the company where the seizure takes place, and the person who carried out the seizure.
4. Copies of the documents that are subject to seizure should bear the stamp of either the company where the seizure takes place or any state agency authorized to notarize copies of documents, and the signature of the person who made such copies or put the stamp, thus attesting that the copy conforms to the original.
5. The seizure record should be made out in two copies. The second copy should be given to the representative of the company where the seizure takes place and a note to that effect should be made on the first copy of the record.

### Contact Person

In case of any questions regarding this Request for Legal Assistance or its execution, or in case of refusal, either full or partial, to satisfy the Request, please contact MykhailoVolodymyrovych SAVELYEV, senior investigator of cases of particular importance of the Investigation department of Tax Militia of the State Tax Administration in the city of Kyiv, at the following address: Building # 31, Sholudenka Str., Kyiv 04116, Ukraine; tel. (+38044) 244-10-66, fax (+38044) 244-10-59.

The Investigation department of the Tax Militia Office of the State Tax Administration in the city of Kyiv hereby assures that any information obtained in the course of the execution of the Request will not be used for political or military purposes.

Furthermore, the bodies of the State Tax Administration in the city of Kyiv undertake the commitment, in case of necessity, to render required assistance to the law-enforcement agencies of the United States of America.

Please send any documents that may be obtained in the course of execution of the Request to the following address: Investigation department of Tax Militia of the State Tax Administration in the city of Kyiv, building # 31, Sholudenka Str., Kyiv 04116, Ukraine.

**Taking into consideration that the crime committed by the officials of the CJSC "Holding Company "Blitz-Inform" is a high-profile one and the time allowed for the pre-trial investigation is limited, the Investigation department of Tax Militia of the State Tax Administration in the city of Kyiv would be grateful if the necessary legal proceedings could be executed in the shortest possible time.**

Enclosure: Order of seizure to be executed at the office of the company "Fairlane Marketing LLC" (on three pages), order of seizure to be executed at the office of the company "CASCAD BUSINESS COMPANY LLC" (on three pages), a copy of Contract # WN – 23/06 dated 06/23/2003 with a Supplement (on six pages), copies of Invoices # 19 dated 01/26/2004, # 64 dated 04/08/2004, # 14/M dated 07/27/2004, # 235 dated 06/20/2003, # 716 dated 06/27/2003, # 657 dated 08/13/2003, # 421 dated 08/13/2003, a copy of Letter # 439 dated 06/20/2003 (on a total of eight pages).

**Senior Investigator of cases of particular importance**
**of the Investigation department of Tax Militia**
**of the State Tax Administration in the city of Kyiv**
**Major of Tax Militia**

M.V. Savelyev

| ТОВ "ІНТУРИСТ-БП" | "INTOURIST-BP" Ltd |
|---|---|
| Ідентифікаційний код 31451398 | Identification code 31451398 |
| 01030, м.Київ, вул.Б.Хмельницького, 26-В | 26-B, B.Khmelnitsky Str., 01030, Kyiv |
| Правильність перекладу з _____ мови на _____ мову засвідчується Перекладач _____ | This is a true translation from _____ into _____ Translator |

9